**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| SYSTEM WON, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. 1:26-cv-02242 |
| | ) |
| LEAMM NEARY BARDELL, | ) |
| 27 Southern Right | ) |
| Whale Rock Heights, Plettenberg Bay | ) |
| 6600, SOUTH AFRICA | ) |
| | ) |
| *Defendant*. | ) |

**VERIFIED COMPLAINT FOR DAMAGES AND FOR PRELIMINARY AND**
**PERMANENT INJUNCTIVE RELIEF**

Plaintiff System Won, Inc. ("Plaintiff" or "System Won"), by and through undersigned counsel, hereby files its Verified Complaint for Damages and for Preliminary and Permanent Injunctive Relief against Defendant Leamm Neary Bardell ("Bardell" or "Defendant"), and respectfully states as follows:

**INTRODUCTION**

1.      This case arises from an Asset Purchase Agreement dated May 31, 2024, between Plaintiff System Won and Defendant Leamm Bardell ("Asset Purchase Agreement").  A true and correct copy of the Asset Purchase Agreement is attached to this Complaint as **Exhibit A**.  Bardell and System Won are both in the Information Technology Management Services business.  In the Asset Purchase Agreement, System Won agreed to pay over $340,000 for Bardell's business, including all of its customer contracts and its goodwill.  One of the customers that Bardell sold to System Won was Defendant Hudson Regional.  To protect what System Won had purchased, the Asset Purchase Agreement included restrictive covenants in which Leamm Bardell promised and

covenanted that for a period of 3 years after the closing of the sale of his business, he would not solicit System Won's customers or intentionally interfere with System Won's business relationships with its customers, including but not limited to Hudson Regional.

2.    This case also arises in part from a Master Services Agreement dated September 13, 2024, between Plaintiff System Won and Middetown LTC Pharmacy LLC, d/b/a Hudson Regional LTC Pharmacy ("Hudson Regional").  A true and correct copy of the Master Services Agreement is attached to this Complaint as **Exhibit B**.  System Won and Hudson Regional executed the Master Services Agreement shortly after System Won purchased Leamm Bardell's business in the Asset Purchase Agreement, including the contractual relationship with Hudson Regional.  In the Master Services Agreement, Hudson Regional covenanted and promised that during the term of the contract with System Won and for two years after its termination, Hudson Regional would not solicit or employ or obtain the services of any current or former employee or subcontractor of System Won.  This clause covered Leamm Bardell, who worked as a contractor for System Won from June 2024 through June 2025 during the 12-month period following the sale of his business to System Won.

3.    System Won is suing Leamm Bardell because he intentionally and maliciously breached the restrictive covenants in the Asset Purchase Agreement with System Won, tortiously interfered with the Master Services Agreement between System Won and Hudson Regional, and conspired with Hudson Regional to deceive System Won and to conceal the breaches and violations of the Asset Purchase Agreement and Master Services Agreement from System Won.

4.    In August 2025, shortly after he stopped receiving payments from System Won as a contractor, Leamm Bardell solicited many of the customers that he had sold to System Won in the Asset Purchase Agreement, including but not limited to Hudson Regional.  Leamm Bardell

2

successfully solicited Hudson Regional, and he and Hudson Regional entered into a contractual relationship for IT Management Services—the same services provided by System Won. Bardell and Hudson Regional concealed this contractual relationship from System Won and lied to System Won about the nature of the contractual relationship in an attempt to prevent System Won from discovering the breaches of contract and tortious conduct. System Won seeks recovery of the damages resulting from Leamm Bardell's breaches of contract and tortious conduct as well as preliminary and permanent injunctive relief against Bardell to protect System Won's contractual rights going forward.

## PARTIES

5.      Plaintiff System Won is an Information Technology Management Services provider. The company is incorporated in the State of Delaware and is registered to do business in the Commonwealth of Virginia as well as other states. Its Chief Executive Officer and Registered Agent is Justin Won. System Won's registered office address and principal place of business is 42284 Madturkey Run Place, Chantilly, Virginia 20152, which is located in Loudoun County, Virginia.

6.      Defendant Leamm Neary Bardell has spent his career working in the Information Technology Management Services business. Until May 31, 2024, he was the owner of Resonance IT LLC ("Resonance IT"), an Arizona limited liability company which provided Information Technology Management Services. Bardell has also provided Information Technology Management services in his own name and through companies that he controls other than Resonance IT. Bardell sold his entire business, including but not limited to Resonance IT, to System Won in the Asset Purchase Agreement in May of 2024. For the first year after selling his business to System Won, Bardell worked for System Won as a contractor. Thereafter Bardell

moved to South Africa.  Upon information and belief, Bardell currently resides at 27 Southern Right, Whale Rock Heights, Plettenberg Bay, 6600, SOUTH AFRICA.

### JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse from one another and the value and primary object of these claims—to recover, preserve, and protect System Won's contractual rights under the Asset Purchase Agreement with Leamm Bardell, for which System Won paid over $340,000—are worth over the jurisdictional amount of $75,000.  Many of the other claims against Bardell also exceed the jurisdictional amount of $75,000.

8.    This Court has supplemental jurisdiction over the other claims against Bardell under 28 U.S.C. § 1367(a) because the claims are related to each other and form part of the same case or controversy.

9.    Venue is appropriate in this Court under 28 U.S.C. §1391(b) because the cause of action in part arose in Loudoun County, Virginia, which is within the Eastern District of Virginia, because there is a practical nexus to Loudoun County, including the location of Plaintiff's CEO, registered agent, and key witness, Justin Won, and because the parties contractually agreed that the venue for this suit would be in the Eastern District of Virginia.  Plaintiff System Won and Defendant Leamm Bardell, in the Asset Purchase Agreement, agreed that any lawsuit arising out of or based upon the Asset Purchase Agreement would be subject to the exclusive jurisdiction and venue of Virginia courts.  *See* **Exhibit A** (Asset Purchase Agreement) at § 8.11.

10.    This Court has personal jurisdiction over Defendant Leamm Bardell under Virginia's long-arm statute, Virginia Code § 8.01-328.1 *et seq.*, because Bardell transacted business in Virginia, contracted to provide services in Virginia, and contractually agreed to be

4

subject to the jurisdiction of Virginia courts when he sold his business to System Won in the Asset Purchase Agreement. *See* **Exhibit A** (Asset Purchase Agreement) at § 8.11.

## RELEVANT FACTS

### *The Asset Purchase Agreement Between System Won and Leamm Bardell*

11.     On or about May 31, 2024, System Won and Leamm Bardell entered into the Asset Purchase Agreement. A true and correct copy of the Asset Purchase Agreement is attached to this Verified Complaint as **Exhibit A**.

12.     In the Asset Purchase Agreement, System Won purchased the entirety of Leamm Bardell's Information Technology Management Support Services business, including but not limited to his company Resonance IT. System Won thereby acquired almost all of Bardell's business assets, including his customers and the goodwill of his business. *See* **Exhibit A** (Asset Purchase Agreement) at § 2.01.

13.     In the Asset Purchase Agreement, System Won agreed to pay Leamm Bardell a purchase price of $340,400 plus additional earn-out payments and commissions based upon System Won's performance in the 12-month period after the closing of the sale. *See* **Exhibit A** (Asset Purchase Agreement) at §§ 2.05 and 2.06.

14.     Ultimately, once earn-out payments and commissions were included, System Won paid Leamm Bardell a total of $388,505.79 for his Information Technology Management Services business.

15.     To protect System Won's interests, the Asset Purchase Agreement included certain restrictive covenants in Article VI. System Won would not have paid that high of a purchase price to Bardell but for these restrictive covenants.

16.     In the Asset Purchase Agreement, Leamm Bardell agreed and covenanted that "for

a period of three (3) years commencing on the Closing Date" he would not "intentionally interfere in any material respect with the Business relationships . . . between [System Won] and any customers or suppliers of [System Won]." *See* **Exhibit A** (Asset Purchase Agreement) at § 6.03(a)(iii).

17.    In the Asset Purchase Agreement, Leamm Bardell further agreed and covenanted that during the three (3) years after the closing of the Asset Purchase Agreement, he would not "directly or indirectly, solicit or entice, or attempt to solicit or entice, any clients or customers of [System Won] or potential clients or customers of [System Won] for purpose of diverting their Business from [System Won]." *See* **Exhibit A** (Asset Purchase Agreement) at § 6.03(c).

18.    In the Asset Purchase Agreement, Leamm Bardell agreed and acknowledged that an actual or threatened breach of these restrictive covenants would cause irreparable harm to System Won such that System Won would be "entitled to equitable relief, including a temporary restraining order, an injunction, specific performance and any other relief that may be available from a court of competent jurisdiction (without any requirement to post bond)." *See* **Exhibit A** (Asset Purchase Agreement) at § 6.03(d).

19.    In the Asset Purchase Agreement, Leamm Bardell agreed to indemnify System Won for "all losses, costs, and expenses, including attorney's fees and disbursements, arising from or relating to . . . any breach or non-fulfillment of any covenant, agreement or obligation to be performed by [Leamm Bardell] pursuant to this [Asset Purchase Agreement]". *See* **Exhibit A** (Asset Purchase Agreement) at § 7.02.

20.    In Schedule 2.01(a) to the Asset Purchase Agreement, the parties listed eleven customer contracts that were among those being sold by Bardell to System Won. Among the customer contracts listed in Schedule 2.01(a) and sold by Bardell to System Won was the contract

6

with Hudson Regional.  The Hudson Regional contract was the largest customer that Bardell sold to System Won in the Asset Purchase Agreement.  *See* **Exhibit A** (Asset Purchase Agreement) at Schedule 2.01(a) (list of "Acquired Customer Contracts" showing Hudson Regional as the largest monthly recurring revenue customer acquired by System Won).

21.     From the closing of the Asset Purchase Agreement in June 2024 through June 2025—*i.e.*, for a period of 12 months after the sale and during the earn-out period—Leamm Bardell worked as a contractor for System Won and helped provide Information Technology Management Support services to Hudson Regional and other System Won customers.  Through his work for System Won during this period Bardell earned additional commissions pursuant to Section 2.06(a) and (b) of the Asset Purchase Agreement.

### *The Master Services Agreement Between System Won and Hudson Regional*

22.     In September 2024, System Won and Hudson Regional executed the Master Services Agreement.  A true and correct copy of the Master Services Agreement is attached to this Complaint as **Exhibit B**.

23.     The Master Services Agreement superseded any prior agreement for IT Management Support Services between System Won and Hudson Regional and set forth the billing terms and the various obligations of System Won and Hudson Regional.

24.     Incorporated within the Master Services Agreement was a Service Level Agreement ("SLA").  The SLA set forth the services that System Won would provide to Hudson Regional and the monthly cost of these services.

25.     In the Master Services Agreement, Hudson Regional agreed and covenanted that during the term of the Master Services Agreement and for a period of two (2) years after its termination, it would not, without the prior written consent of System Won, "solicit, employ or

7

obtain the services of any employee, subcontractor or former employee or subcontractor of System Won." *See* **Exhibit B** (Master Services Agreement) at § 12.

26.     At the time when System Won and Hudson Regional executed the Master Services Agreement, Leamm Bardell was a contractor for System Won and was assisting with System Won's provision of IT Management Support Services to Hudson Regional.

27.     Leamm Bardell knew about the terms contained within the Master Services Agreement.

28.     The Master Services Agreement remained in effect from its execution in September 2024 through July 2026. It automatically renewed for a second one-year term in September 2025 pursuant to Section 9(a) of the Master Services Agreement.

### *Bardell's Departure from System Won and Solicitation of System Won's Customers*

29.     On or about June 2025, System Won made the final earn-out and commission payments owed to Bardell under the Asset Purchase Agreement. In total, System Won paid Bardell $388,505.79 for his Information Technology Management Services business, which amount included the entire purchase price plus additional earn-out payments and commissions.

30.     Around this time, System Won informed Bardell that it would no longer be using him as a contractor and wished him the best going forward.

31.     System Won complied with and adhered to all of its obligations and promises under the Asset Purchase Agreement. It was entitled to full contract performance from Leamm Bardell.

32.     In August of 2025, less than two months after System Won paid Bardell the final monies due to him under the Asset Purchase Agreement and told Bardell that it would no longer be using him as a contractor, Bardell emailed many of the customers of System Won that he had sold to System Won in the Asset Purchase Agreement, including but not limited to Hudson

8

Regional. In these communications, Bardell told System Won's customers that he no longer worked for System Won, asked the customers how they were feeling about System Won's performance, and told System Won's customers that he was available to help them if they ever needed Information Technology support in the future.

33. Bardell's August 2025 correspondence to System Won's customers occurred without System Won's knowledge or consent.

34. Later, in January 2026, Bardell again emailed many of the System Won customers that he had sold to System Won in the Asset Purchase Agreement. In these communications, Bardell told System Won's customers that he needed work and was available to help on Information Technology projects. Bardell attached his resume to these email communications, reminded the customers of his years of experience, and told System Won's customers to consider him should they need any assistance.

35. Bardell's January 2026 correspondence to System Won's customers occurred without System Won's knowledge or consent.

36. In addition to the aforementioned emails, Bardell had other correspondence and communications with System Won's customers during this period in an attempt to divert business away from System Won and to himself.

37. Through these communications and solicitations, Bardell harmed System Won's relationship with its customers, including but not limited to Hudson Regional.

### *Bardell's New IT Management Services Contract with Hudson Regional*

38. Through his communications and solicitations, Bardell successfully convinced Hudson Regional to enter into a contract with Bardell for Information Technology Management Support Services work even though Hudson Regional already had a contract with System Won for

the same services through the Master Services Agreement.

39.    Bardell and Hudson Regional entered into their contract for IT Management Support services some time in the fall of 2025.  Pursuant to this contract, Bardell provided IT Management Support services to Hudson Regional which competed with the services that System Won was already providing to Hudson Regional under the Master Services Agreement.  Hudson Regional paid Bardell a monthly fee for these services.

40.    Neither Bardell nor Hudson Regional informed System Won about their new contract for Bardell to perform Information Technology Management Support Services for Hudson Regional.

41.    Neither Bardell nor Hudson Regional consulted with System Won about the effect of involving Bardell in Hudson Regional's Information Technology Management systems.  In consequence, System Won had no opportunity to investigate what Bardell was doing or whether it created a security risk for Hudson Regional's Information Technology systems.

### Bardell and Hudson Regional Conspire to Deceive System Won

42.    By November 2025, Leamm Bardell had been acting as Hudson Regional's primary Information Technology Manager for several months.  System Won had yet to be alerted to this development.

43.    But access restrictions imposed by System Won upon Hudson Regional's Information Technology systems for security reasons were preventing Bardell from doing certain things with Hudson Regional's Information Technology systems.

44.    Bardell and Hudson Regional agreed and conspired to use the ruse of an artificial intelligence project to deceive System Won into giving Bardell access to Hudson Regional's Information Technology systems without alerting System Won to the new IT Management

10

Services contract between Bardell and Hudson Regional.

45.     On November 17, 2025, Angelo Angerame, the CEO of Hudson Regional, emailed Justin Won, the CEO of System Won, copying Leamm Bardell.  Angerame told Justin Won that Hudson Regional had engaged Leamm Bardell to "assist" with a new project "to bring AI to help with our workflow."  Angerame asked Justin Won to "allow [Bardell] whatever access he needs to make this a success."  *See* **Exhibit C** (November 17, 2025 email from Angelo Angerame to Justin Won).

46.     On November 19, 2025, Angelo Angerame again emailed Justin Won, asking him to give Leamm Bardell access to Hudson Regional's Information Technology Systems, again citing the purported artificial intelligence project.  *See* **Exhibit D** (November 19, 2025 email from Angelo Angerame to Justin Won).

47.     In conversations around this time with Justin Won, Angerame and Hudson Regional represented that Leamm Bardell needed access to Hudson Regionals IT Systems to work on the purported artificial intelligence project.

48.     Angelo Angerame did not tell Justin Won that Hudson Regional had contracted with Leamm Bardell to provide Information Technology Management Support Services several months earlier.  Nor did he tell Justin Won that Leamm Bardell needed access to Hudson Regional's Information Technology systems in order to perform Information Technology Management Support Services work for Hudson Regional that was in direct competition with System Won.  Angerame and Hudson Regional deliberately concealed these material facts from Justin Won in furtherance of the conspiracy with Bardell and in an attempt to convince System Won to give Bardell IT systems access under false pretenses.

49.     After receiving the emails from Angerame, and on November 19, 2025, Justin Won

11

emailed Leamm Bardell to express his surprise that Hudson Regional had simply informed System Won about the purported AI project and asked that Bardell be given access without any prior consultation with System Won. Justin Won reminded Bardell that he had sold his business to System Won in the Asset Purchase Agreement and remained bound by the restrictive covenants contained therein. *See* **Exhibit E** (November 19, 2025 email from Justin Won to Leamm Bardell).

50.     On November 20, 2025, Leamm Bardell corresponded with Justin Won over email. He represented that his "engagement [with Hudson Regional] was not a result of solicitation, but rather a direct outreach by Hudson Regional" and claimed that he was "respect[ing]" the restrictive covenants contained within the Asset Purchase Agreement. *See* **Exhibit F** (November 20, 2025 correspondence between Leamm Bardell and Justin Won).

51.     Both of these statements by Bardell were malicious lies. Bardell had directly (and successfully) solicited Hudson Regional in August 2025 and had been deliberately breaching the restrictive covenants in the Asset Purchase Agreement for months. Bardell told these lies to Justin Won in furtherance of his conspiracy with Hudson Regional and in order to make Justin Won believe that the request by Hudson Regional to give Bardell IT systems access was solely to facilitate a limited artificial intelligence project rather than to give Bardell the access needed to serve as Hudson Regional's primary Information Technology Manager.

52.     Justin Won told Bardell that System Won would allow Bardell to work on Hudson Regional's purported Artificial Intelligence initiative as a one-time exception to his promises and covenants in the Asset Purchase Agreement. Justin Won requested that in the future, Bardell respect System Won's right to service the customers that it had acquired from Bardell in the Asset Purchase Agreement.

53.     Relying upon Leamm Bardell's lies and misrepresentations and upon the

deceptively limited disclosure from Hudson Regional, System Won gave Bardell access to Hudson Regional's Information Technology systems in order to allow Bardell to work on the purported artificial intelligence project.

54.     As a result of Bardell's fraudulent statements and misrepresentations and Hudson Regional's deceptively limited disclosure, Bardell and Hudson Regional bought themselves some additional time.  Hudson Regional continued to pay Bardell every month to perform Information Technology Management Support Services work, and Bardell performed such work using the IT systems access provided by System Won.  System Won remained in the dark about this arrangement, believing that Bardell was helping solely on the purported artificial intelligence project.

### System Won Discovers the Truth and Confronts Bardell and Hudson Regional

55.     In April of 2026, through a series of events, System Won learned the truth about the business relationship between Leamm Bardell and Hudson Regional.

56.     On April 16, 2026, Justin Won emailed Leamm Bardell to ask about the status of the purported artificial intelligence project and to inquire whether it was at a stage where System Won could add it to the SLA for ongoing maintenance and support.  Leamm Bardell responded to Justin Won, claiming that he did not have clear visibility about where things stood on the project. *See* **Exhibit G** (April 16, 2026 correspondence between Justin Won and Leamm Bardell).  This struck Justin Won as strange because Leamm Bardell was supposed to be in charge of the purported AI project and six months had passed since System Won gave Leamm Bardell access to Hudson Regional's IT systems to do the work.

57.     On April 23, 2026, Justin Won had a meeting with Angelo Angerame wherein Angerame told Won that System Won's services were too expensive and that Hudson Regional

13

had hired a single contractor to replace Hudson Regional.

58.     On April 30, 2026, Justin Won spoke with Angelo Angerame again and directly asked him whether Leamm Bardell was the contractor that Hudson Regional had hired to replace System Won and to perform IT Management Support Services.  Angerame admitted that this was true and told Justin Won that Hudson Regional had hired Bardell to perform IT Management Support Services.

59.     Between May 4 and May 16, 2026, Justin Won corresponded with Leamm Bardell via email, directly accusing him of breaching the restrictive covenants in the Asset Purchase Agreement.  In response, Bardell stuck to his lie and continued to claim that he had solely worked for Hudson Regional on its purported artificial intelligence contract.  *See* **Exhibit H** (emails exchanged between Justin Won and Leamm Bardell from May 4 to May 16, 2026).

60.     On May 22, 2026, System Won's undersigned counsel sent Leamm Bardell a letter demanding that he cease and desist violating the terms of the Asset Purchase Agreement and threatening litigation if he did not.  Bardell did not respond or acknowledge receipt of this letter.

61.     In response to the aforementioned communications from Justin Won and System Won's counsel, Bardell continued to lie about his role with Hudson Regional and then went silent. He did not promise to stop breaching the Asset Purchase Agreement and the restrictive covenants contained therein.

62.     In May and June of 2026, Justin Won corresponded with Angelo Angerame, the CEO of Hudson Regional, to inform him of Leamm Bardell's breaches of the Asset Purchase Agreement and the restrictive covenants contained therein, to remind Hudson Regional of its obligations in the Master Services Agreement, and to ask that Hudson Regional stop using Leamm Bardell for its Information Technology Management Support Services work going forward.

14

63.    In response to these communications, Hudson Regional did not promise to stop using Leamm Bardell for its Information Technology Management Services work.

### *Hudson Regional Tells System Won that it is Terminating the Master Services Agreement*

64.    In July 2026, Hudson Regional told System Won that it was terminating its contract with System Won.  Angelo Angerame, CEO of Hudson Regional, told Justin Won that Hudson Regional was hiring Hudson Valley IT Services, another company that performs Information Technology Management Support Services work.

65.    System Won does not know Hudson Regional's plans or whether Bardell will be involved in performing Hudson Regional's Information Technology Management Support Services work now or in the future.

66.    Upon information and belief, Hudson Regional continues to pay Leamm Bardell to perform its IT Management Support Services work.

### COUNT I—BREACH OF THE ASSET PURCHASE AGREEMENT

67.    The allegations made in the preceding paragraphs are incorporated by reference herein.

68.    System Won and Leamm Bardell signed a valid and binding Asset Purchase Agreement on or about May 31, 2024.

69.    System Won fully complied with its obligations under the Asset Purchase Agreement and is entitled to full performance from Leamm Bardell.

70.    All conditions precedent to the enforcement of System Won's rights under the Asset Purchase Agreement have been met or otherwise satisfied.

71.    The restrictive covenants set forth in the Asset Purchase Agreement, and specifically the non-interference and non-solicitation clauses set forth in Sections 6.03(a)(iii) and 6.03(c), respectively, were negotiated by the parties and are reasonable and narrowly tailored to

15

protect System Won's legitimate business interests, including but not limited to its interest in protecting the business and goodwill that it purchased from Leamm Bardell.

72.     Bardell breached the Asset Purchase Agreement, including the non-interference and non-solicitation clauses in Sections 6.03(a)(iii) and 6.03(c), the agreement to transfer the customers and goodwill of the business to System Won, and the implied covenant of good faith and fair dealing, when he solicited the business of many of the customers that he had sold to System Won in the Asset Purchase Agreement, including but not limited to Hudson Regional, in August 2025.

73.     Bardell again breached the Asset Purchase Agreement, including the non-interference and non-solicitation clauses in Sections 6.03(a)(iii) and 6.03(c), the agreement to transfer the customers and goodwill of the business to System Won, and the implied covenant of good faith and fair dealing, when he again solicited the business of many of the customers that he had sold to System Won in the Asset Purchase Agreement in January 2026.

74.     Bardell also breached the Asset Purchase Agreement, including the non-interference and non-solicitation clauses in Sections 6.03(a)(iii) and 6.03(c), the agreement to transfer the customers and goodwill of the business to System Won, and the implied covenant of good faith and fair dealing, on other occasions when he corresponded and communicated with System Won's customers in an attempt to divert business away from System Won and to himself.

75.     Bardell further breached the Asset Purchase Agreement, including the non-interference and non-solicitation clauses in Sections 6.03(a)(iii) and 6.03(c), the agreement to transfer the customers and goodwill of the business to System Won, and the implied covenant of good faith and fair dealing, when he contracted with Hudson Regional to perform Information Technology Management Services work, when he performed such work for Hudson Regional, and

when he received payment from Hudson Regional for such work, between the fall of 2025 and the present.

76.    As a result of Defendant Leamm Bardell's actions, Plaintiff System Won has sustained and continues to sustain irreparable injury to its reputation, business, and goodwill, as well as monetary damages.

**WHEREFORE** Plaintiff System Won prays for the following relief:

(1) That judgment be entered against Leamm Bardell for breaching the Asset Purchase Agreement;

(2) That Leamm Bardell and any companies under his control immediately be enjoined pending trial, and thereafter for a period of three (3) years, from contacting any of System Won's potential or actual customers or suppliers, because such contact would be a further violation and breach of the Asset Purchase Agreement, specifically of the non-interference and non-solicitation clauses in Sections 6.03(a)(iii) and 6.03(c), respectively, of that agreement;

(3) That Leamm Bardell be ordered to specifically perform and comply with his obligations, promises and covenants in the Asset Purchase Agreement, including the restrictive covenants contained therein, and specifically the non-interference and non-solicitation clauses in Sections 6.03(a)(iii) and 6.03(c), respectively, of that agreement;

(4) That the length of time of the restrictive covenants in the Asset Purchase Agreement be equitably extended by the length of time of Leamm Bardell's violations and breaches of the restrictive covenants, which at the time of filing of this Verified Complaint is approximately one (1) year;

(5) That Leamm Bardell be ordered in equity to disgorge and pay to System Won all monies paid to him, or to any companies under his control, by Hudson Regional and any other System Won customers as a result of his breaches and violations of the Asset Purchase Agreement, including the restrictive covenants contained therein;

(6) That System Won be awarded damages of Five-Hundred-Thousand Dollars ($500,000.00), or in such amount as is determined at trial, resulting from Leamm Bardell's breaches of the Asset Purchase Agreement;

(7) That System Won be awarded the amount of System Won's reasonable attorney's fees and costs, as is allowed by Section 7.02 of the Asset Purchase Agreement; and

(8) For such other relief as this Court deems just and proper.

## COUNT II—ACTUAL FRAUD

77.    The allegations made in the preceding paragraphs are incorporated by reference herein.

78.    Bardell committed actual fraud when he deliberately lied to Justin Won, CEO of System Won, on or about November 20, 2025, when he told Mr. Won that his dealings with Hudson Regional were not the result of his solicitation of Hudson Regional and were not a breach of the Asset Purchase Agreement, and by falsely representing that he had contracted with Hudson Regional solely to help with a purported artificial intelligence project, when in reality Bardell had solicited and contracted with Hudson Regional several months earlier to provide Information Technology Management Support Services work and was being paid every month by Hudson Regional for such work, which was not related to any artificial intelligence project.

79.    System Won reasonably relied on Bardell's fraudulent misrepresentations, believing that he was telling the truth.  Because it believed Bardell's lies, System Won granted Bardell a one-time exception to the Asset Purchase Agreement and gave him access to Hudson Regional's Information Technology systems in November 2025, believing that Bardell was using this access solely to work on the purported artificial intelligence project.  System Won did not know that Bardell was using the access provided by System Won to perform Information Technology Management Support Services work for Hudson Regional which was in breach of

Bardell's covenants and promises in the Asset Purchase Agreement.

80.     When Leamm Bardell lied to Justin Won on November 20, 2025, he knew that his statements were false.

81.     When Leamm Bardell lied to Justin Won on November 20, 2025, he intended to deceive System Won and to provide himself with the cover needed to continue to perform Information Technology Management Services work for Hudson Regional in breach of his covenants and promises in the Asset Purchase Agreement.

82.     Because of Leamm Bardell's fraudulent misrepresentations, System Won suffered monetary damages and its relationship with its customer, Hudson Regional, was irreparably harmed.

83.     Leamm Bardell's fraudulent misrepresentations were willful and wanton and justify an award of punitive damages.

**WHEREFORE** Plaintiff System Won prays for the following relief:

(1) That judgment be entered against Leamm Bardell for committing actual fraud against System Won;

(2) That System Won be awarded damages of One-Hundred-Thousand Dollars ($100,000.00), or in such amount as is determined at trial, resulting from Leamm Bardell's fraudulent misrepresentations to System Won on November 20, 2025;

(3) That System Won be awarded an additional Three-Hundred-Fifty-Thousand Dollars ($350,000.00) in punitive damages for the actual fraud, as well as for the attorney's fees and costs incurred by System Won; and

(4) For such other relief as this Court deems just and proper.

19

## COUNT III—TORTIOUS INTERFERENCE WITH
## THE MASTER SERVICES AGREEMENT

84.    The allegations made in the preceding paragraphs are incorporated by reference herein.

85.    The Master Services Agreement between System Won and Hudson Regional was a valid and enforceable contract.

86.    Leamm Bardell knew about the Master Services Agreement between System Won and Hudson Regional.  Indeed, between June 2024 and June 2025, Bardell had worked as a contractor for System Won and had provided Information Technology Management Support services to Hudson Regional under the Master Services Agreement.

87.    Leamm Bardell intentionally interfered with the Master Services Agreement when in August 2025 he solicited Hudson Regional.

88.    Bardell further intentionally interfered with the Master Services Agreement when in the fall of 2025 he contracted with Hudson Regional to provide Information Technology Management Services in exchange for a monthly payment.

89.    Bardell further intentionally interfered with the Master Services Agreement when in November 2025 he and Hudson Regional conspired to use the ruse of a purported artificial intelligence project to convince System Won to provide Bardell with IT systems access under false pretenses.

90.    Bardell further intentionally interfered with the Master Services Agreement when on November 20, 2025, he outright lied to Justin Won, CEO of System Won, falsely representing that he had never solicited Hudson Regional and falsely representing that he was respecting the Asset Purchase Agreement, with the intent to convince System Won to provide him with IT systems access under false pretenses, thereby committing actual fraud upon System Won.

91. Bardell further intentionally interfered with the Master Services Agreement when, between the fall of 2025 and the present, he provided Information Technology Management Support Services to Hudson Regional.

92. Bardell further intentionally interfered with the Master Services Agreement when, after System Won confronted him about his behavior in May 2026, he continued to lie to System Won about his role with Hudson Regional.

93. Leamm Bardell interfered with the Master Services Agreement using improper methods through the use of fraud, deceit, the violation of the established standards of the sale of a services business, and by unfairly competing with System Won in breach of his personal obligations under the Asset Purchase Agreement, including his promise to sell his business to System Won, including all of its customers and all of its goodwill, and his covenant and promises not to interfere with or solicit System Won's customers.

94. Bardell's interference with the Master Services Agreement irreparably harmed System Won's relationship with Hudson Regional, caused Hudson Regional to breach that agreement, and resulted in the early termination of that contract by Hudson Regional.

95. System Won was damaged as a result of Bardell's interference with the Master Services Agreement. Its relationship with its customer Hudson Regional was irreparably harmed and it lost the contract.

96. Leamm Bardell's tortious interference with the Master Services Agreement was willful and wanton and justifies an award of punitive damages.

**WHEREFORE** Plaintiff System Won prays for the following relief:

(1) That judgment be entered against Leamm Bardell for tortiously interfering with the Master Services Agreement between System Won and Hudson Regional;

(2) That Leamm Bardell and any companies under his control immediately be enjoined

21

pending trial, and thereafter for a period of three (3) years, from contacting Hudson Regional, because such contact would constitute further interference with Section 12 of the Master Services Agreement;

(3) That System Won be awarded damages of One-Hundred-Fifty-Thousand Dollars ($150,000.00), or in such amount as is determined at trial, resulting from Leamm Bardell's tortious interference with the Master Services Agreement;

(4) That System Won be awarded an additional Three-Hundred-Fifty-Thousand Dollars ($350,000.00) in punitive damages for the tortious interference with the Master Services Agreement, as well as for the attorney's fees and costs incurred by System Won; and

(5) For such other relief as this Court deems just and proper.

### COUNT IV—COMMON LAW CONSPIRACY

97.    The allegations made in the preceding paragraphs are incorporated by reference herein.

98.    Leamm Bardell and Hudson Regional agreed and conspired to deceive and defraud System Won into believing that Leamm Bardell needed IT systems access solely to work on a purported artificial intelligence project when, in reality, Bardell needed the IT systems access to perform Information Technology Management Services work for Hudson Regional, in order to obtain such IT systems access through System Won under false pretenses.

99.    Leamm Bardell and Hudson Regional agreed and conspired to tortiously interfere with each other's contracts with System Won and to assist each other in breaching their respective contracts with System Won without alerting System Won to the breaches and interference through the use of actual fraud, fraud by omission/concealment, the use of sham entities to pay Bardell, the use of various methods to conceal their communications and business dealings, and other improper methods.

100.   Leamm Bardell and Hudson Regional thereby agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means and agreed to, and did, assist each other in the unlawful endeavor.

101.   System Won was damaged as a result of Leamm Bardell and Hudson Regional's conspiracy.

102.   Because he conspired with Hudson Regional, Leamm Bardell is vicariously liable for the damages to System Won caused by Bardell's and Hudson Regional's actions in furtherance of the conspiracy, including Hudson Regional's breach of the Master Services Agreement and Hudson Regional's fraud by omission/concealment between on or about November 17–19, 2025, as outlined below.

### *Hudson Regional's Breach of the Master Services Agreement*

103.   System Won and Hudson Regional signed a valid and binding Master Services Agreement on or about September 13, 2024, which replaced all prior agreements for IT Management Services between the System Won and Hudson Regional.

104.   System Won fully complied with its obligations under the Master Services Agreement and was entitled to full performance from Hudson Regional.

105.   All conditions precedent to the enforcement of System Won's rights under the Master Services Agreement have been met or otherwise satisfied.

106.   The restrictive covenants set forth in Section 12 of the Master Services Agreement were negotiated by System Won and Hudson Regional and are reasonable and narrowly tailored to protect System Won's legitimate business interests, including but not limited to its interest in protecting the business and goodwill that it purchased from Leamm Bardell.

107.   Hudson Regional breached the restrictive covenants contained within Section 12 of

the Master Services Agreement when it employed and obtained the services of Leamm Bardell, a former employee or subcontractor of System Won, during the term of the Master Services Agreement, and without the prior written consent of System Won.

108. Hudson Regional breached the implied covenant of good faith and fair dealing contained within the Master Services Agreement when it conspired with Leamm Bardell to hide their new IT Management Services contract from System Won and to deceive System Won and to surreptitiously give Bardell access to Hudson Regional's IT systems, first without informing System Won at all, and then, in November 2025, through the use of the ruse of the purported artificial intelligence project.

109. As a result of Hudson Regional's actions, Plaintiff System Won has sustained and continues to sustain monetary damages.

### *Hudson Regional's Fraud by Omission/Concealment*

110. Leamm Bardell and Hudson Regional conspired to commit fraud by omission/concealment when on or about November 17 to November 19, 2025, Hudson Regional's CEO Angelo Angerame represented to System Won that Leamm Bardell needed access to Hudson Regional's Information Technology Systems to work on the purported artificial intelligence project but did not mention that Leamm Bardell had been providing Information Technology Management Support Services to Hudson Regional for months and needed the IT Systems access to perform further Information Technology Management work for Hudson Regional, and when, on or about November 20, 2025, Leamm Bardell lied to System Won, saying that he needed systems access solely to help with the purported artificial intelligence project.

111. When it represented to System Won that Leamm Bardell needed IT Systems access for the purported artificial intelligence project, Hudson Regional knew that Bardell really needed

the IT Systems access in order to perform Information Technology Management work.  Bardell knew this as well when he lied to System Won on November 20, 2025.

112.    When Hudson Regional and Leamm Bardell represented to System Won that Leamm Bardell needed IT Systems access for the purported artificial intelligence project, they both knew that System Won did not know about Hudson Regional's new IT Management Services contract with Bardell, that Bardell had been providing Hudson Regional with Information Technology Management Support Services for months, or that Bardell needed IT Systems access to perform further Information Technology Management Support Services for Hudson Regional.

113.    Bardell and Hudson Regional both knew that System Won would have objected if Hudson Regional or Bardell had told System Won that Leamm Bardell needed IT Systems access in order to perform Information Technology Management Support work for Hudson Regional.

114.    Bardell and Hudson Regional conspired to conceal these material facts from System Won with the intent to convince System Won to give Leamm Bardell IT Systems access under false pretenses.

115.    System Won justifiably and reasonably relied on Bardell and Hudson Regional's joint representation that Bardell needed IT Systems access to work on the purported artificial intelligence project, believing that Bardellk and Hudson Regional had disclosed all of the material facts to System Won.

116.    Because of Bardell and Hudson Regional's fraud by omission/concealment, System Won suffered monetary damages.

117.    Bardell and Hudson Regional's fraud by omission/concealment was willful and wanton and justifies an award of punitive damages.

**WHEREFORE** Plaintiff System Won prays for the following relief:

(1) That judgment be entered against Leamm Bardell for conspiring with Hudson Regional to breach Asset Purchase Agreement, to breach the Master Services Agreement, to commit fraud by omission/concealment and actual fraud in November 2025, and for concealing from System Won what they were doing;

(2) That Leamm Bardell be held vicariously liable for the damages to System Won caused by the actions in furtherance of the conspiracy committed by Hudson Regional;

(3) That System Won be awarded damages of Forty-Two-Thousand Dollars ($42,000.00), or in such other amount as is proven at trial, resulting from the breaches of Section 12 of the Master Services Agreement, with such amount being approximately 50% of the annual compensation paid to Leamm Bardell by Hudson Regional under their new IT Management Services contract and therefore the liquidated damages amount agreed to by System Won and Hudson Regional in Section 12 of that agreement;

(4) That System Won be awarded damages of Forty-Thousand Dollars ($40,000.00), or in such amount as is determined at trial, resulting from the other breaches of the Master Services Agreement, including the breaches of the implied covenant of good faith and fair dealing;

(5) That System Won be awarded the amount of System Won's reasonable attorney's fees and costs, as is allowed by Section 16 of the Master Services Agreement;

(6) That System Won be awarded damages of One-Hundred-Thousand Dollars ($100,000.00), or in such amount as is determined at trial, resulting from the fraud by omission/concealment on or about November 17 to November 20, 2025;

(7) That System Won be awarded an additional Three-Hundred-Fifty-Thousand Dollars ($350,000.00) in punitive damages for the fraud by omission/concealment, as well as for the attorney's fees and costs incurred by System Won; and

(8) For such other relief as this Court deems just and proper.

26

## COUNT V—STATUTORY BUSINESS CONSPIRACY
## UNDER VIRGINIA CODE SECTIONS 18.2-499 *et seq.*

118.    The allegations made in the preceding paragraphs are incorporated by reference herein.

119.    When they agreed and conspired to deceive and defraud System Won into believing that Leamm Bardell needed IT systems access solely to work on a purported artificial intelligence project, and when they agreed and conspired to interfere with each other's contracts with System Won and to assist each other in breaching their respective contracts with System Won without alerting System Won to the breaches and interference, Leamm Bardell and Hudson Regional agreed and conspired to willfully, maliciously, and intentionally injure System Won's business without lawful justification in violation of Virginia's business conspiracy statute codified in Virginia Code § 18.2-499 *et seq*.

120.    System Won was damaged in its reputation, trade, business, or profession as a result of Leamm Bardell and Hudson Regional's violation of Virginia's business conspiracy statute.

121.    Under Virginia Code § 18.2-500, System Won therefore is entitled to "recover three-fold the damages . . . sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel".

**WHEREFORE** Plaintiff System Won prays for the following relief:

(1) That judgment be entered against Leamm Bardell for violating Virginia's business conspiracy statute codified in Virginia Code § 18.2-499 *et seq*;

(2) That Leamm Bardell be held vicariously liable for three-fold the damages sustained by System Won as a result of the statutory business conspiracy plus the costs of suit, including attorney's fees and costs, as allowed by Virginia Code § 18.2-500; and

(3) For such other relief as this Court deems just and proper.

27

Respectfully submitted,

_/s/ William N. Evans_

William N. Evans, Of Counsel (VSB No. 87506)
BerlikLaw LLC
1818 Library Street, Suite 500
Reston, Virginia 20190
Tel: (703) 722-0588
WEvans@berliklaw.com
_Counsel for Plaintiff System Won, Inc._

## **VERIFICATION**

Under penalty of perjury, I, Justin Won, Chief Executive Officer of System Won, Inc., hereby verify that the foregoing allegations are true and accurate to the best of my knowledge and belief.

_____

Justin Won
Title: CEO, System Won, Inc.


Date:  July 24, 2026